T.C. Memo. 2007-82

UNITED STATES TAX COURT


STEVEN R. OLMOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2232-04.                    Filed April 9, 2007.


George E. Harp, for petitioner.

Alisha M. Harper, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a deficiency in
petitioner's 2001 Federal income tax of $43,886 and additions to
tax under sections 6651(a)(1) and 6654(a) of $10,072 and $1,754,
respectively.[1]  The issues for decision are:  (1) Whether

_____

    [1]  Unless otherwise indicated, all section references are to
                                                    (continued...)

petitioner received unreported income in the form of interest and medical and healthcare payments in 2001; (2) whether petitioner is liable for self-employment tax for 2001; (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failing to file his 2001 tax return; (4) whether petitioner is liable for an addition to tax under section 6654(a) for failing to make estimated tax payments with respect to his 2001 tax liability; and (5) whether petitioner is liable for a penalty under section 6673(a)(1).

FINDINGS OF FACT

At the time he filed his petition and amended petition, petitioner resided in Niles, Ohio.

During 2001, petitioner was a dentist with an office in La Mesa, California. Petitioner received medical and healthcare payments from insurance companies and other entities for services rendered to his patients. The insurance companies and other entities issued petitioner Forms 1099-MISC, Miscellaneous Income, reflecting the following payments made during 2001:

_____

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

| Payor | Payment(s) |
|---|---|
| Aramco Services Co. | $1,449 |
| Blue Cross of California | 37,502 |
| Continental Casualty Co. | 2,245 |
| Delta Dental Plan of California | 2,034 |
| Great-West Life & Annuity Ins. Co. | 2,360 |
| Interinsurance Exchange | 1,104 |
| Nationwide Mutual Ins. Co. | 951 |
| Niagra Fire Ins. Co. | 1,695 |
| Republic Indemnity Co. | 2,111 |
| San Diego Elec. Health & Welfare Trust | 720 |
| State Comp. Ins. Fund | 2,428 |
| Tristar Risk Management | 1,823 |
| Truck Ins. Exchange | 15,740 |
| United Healthcare Ins. Co. | 4,002 |
| Total | 76,164 |

During 2001, petitioner also received and cashed checks totaling $2,279 from Kaiser Permanente Medical Care Program and checks totaling $12,827 from State Farm Mutual Automobile Insurance Company.

Despite receiving medical and healthcare payments totaling at least $91,270 in 2001, petitioner did not make estimated tax payments and did not file a Federal income tax return.

On October 31, 2003, respondent issued petitioner a notice of deficiency for 2001. Based on information received from third-party payors, respondent determined petitioner received interest income of $72 from Wells Fargo and self-employment income of $132,242 from medical and healthcare payments.[2] In addition to the medical and healthcare payments reflected above, respondent determined petitioner also received medical and healthcare payments from the following sources:

| Payor | Payment(s) |
|---|---|
| Aetna, Inc. | $5,789 |
| Aetna Life Ins. Co. | 11,196 |
| Best Life Assurance | 1,000 |
| Calfarm Ins. Co. | 4,218 |
| Federal Ins. Co. | 1,300 |
| Intercare Ins. Services | 3,763 |
| Kyocera International, Inc. | 4,558 |
| Peoria Unified School District | 1,975 |
| Twin City Fire Ins. Co. | 5,404 |
| Total | 39,203 |

After allowing petitioner a standard deduction, a personal exemption, and an adjustment for self-employment tax, respondent determined petitioner's 2001 taxable income was $118,108.

---

[2] These medical and healthcare payments included $1,611 from Metropolitan Life Ins. Co. On brief, respondent conceded petitioner did not receive medical and healthcare payments from Metropolitan Life Ins. Co.

Respondent determined petitioner had a deficiency in tax of $43,866 for 2001, which included self-employment tax of $13,511. Respondent also determined petitioner was liable for additions to tax under sections 6651(a)(1) and 6654(a) of $10,072 and $1,754, respectively.

On February 5, 2004, the Court filed petitioner's imperfect petition. By order dated February 9, 2004, the Court ordered petitioner to file a proper amended petition and pay the filing fee on or before March 25, 2004. The Court received petitioner's filing fee on March 29, 2004, but did not receive a proper amended petition. By order dated June 2, 2004, the Court extended the time to file a proper amended petition to June 30, 2004. No response to the Court's June 2, 2004, order was received, and on August 13, 2004, the Court dismissed petitioner's case for lack of jurisdiction.

On November 12, 2004, the Court filed petitioner's motion to vacate the order of dismissal. Petitioner attached an amended petition to his motion. On November 12, 2004, the Court granted petitioner's motion, vacated the order of dismissal, and filed petitioner's amended petition.

A notice setting case for trial during the Court's Cleveland, Ohio, trial session beginning March 27, 2006, was served on petitioner on October 21, 2005. By order dated March

23, 2006, the Court set petitioner's case for a date and time certain of 10:00 a.m. EST on Friday, March 31, 2006.

When petitioner's case was called for trial on March 31, 2006, petitioner did not appear. Instead, George E. Harp (Mr. Harp) appeared on petitioner's behalf, and the Court filed Mr. Harp's entry of appearance. Although Mr. Harp offered no evidence at trial regarding petitioner's unreported income,[3] Mr. Harp objected to all but one of respondent's exhibits. After hearing argument on the objections, we overruled petitioner's objections and admitted the exhibits.

## OPINION

I. Unreported Income

Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived". Respondent determined petitioner received gross income in the form of taxable interest and medical and healthcare payments, and that petitioner failed to file a 2001 Federal income tax return reporting these items.

---

[3] Petitioner did introduce into evidence a letter from respondent's counsel outlining documents respondent intended to use at trial. It is unclear why petitioner introduced this letter into evidence, as it does not relate to any issue and was not cited by petitioner on brief.

Generally, a taxpayer bears the burden of proving the Commissioner's determinations incorrect.[4] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the Court of Appeals for the Sixth Circuit, the Circuit to which appeal in this case would lie absent stipulation otherwise,[5] has held: "The law imposes much less of a burden upon a taxpayer who is called upon to prove a negative--that he did not receive the income which the Commissioner claims--than it imposes upon a taxpayer who is attempting to sustain a deduction." Weir v. Commissioner, 283 F.2d 675, 679 (6th Cir. 1960), revg. T.C. Memo. 1958-158; see also United States v. Walton, 909 F.2d 915, 918-919 (6th Cir. 1990); United States v. Besase, 623 F.2d 463, 465 (6th Cir. 1980); Richardson v. Commissioner, T.C. Memo. 2006-69. In cases involving unreported income, the Commissioner bears the initial burden of establishing "at least a 'minimal' factual predicate or foundation of substantive evidence linking the

---

[4] Petitioner does not argue that sec. 7491(a) operates to shift the burden of proof to respondent. Even if petitioner had so argued, the burden of proof would not shift under sec. 7491(a) because petitioner has not shown he maintained any records, nor has he cooperated with the reasonable requests of respondent during the administrative proceedings or in preparation for trial.

[5] While petitioner apparently resided in California during 2001, he resided in Niles, Ohio, when he filed his petition and amended petition. Sec. 7482(b)(1)(A) provides that reviewable decisions of the Tax Court are appealable to the Circuit in which the taxpayer resides at the time the petition was filed. Therefore, this case is appealable to the Court of Appeals for the Sixth Circuit.

taxpayer to income-generating activity or to the receipt of funds." Richardson v. Commissioner, supra (citing United States v. Walton, supra at 918-919). Once the Commissioner meets his initial burden of production, the taxpayers bear the "burden of producing credible evidence that they did not earn the taxable income attributed to them or of presenting an argument that the IRS deficiency calculations were not grounded on a minimal evidentiary foundation." United States v. Walton, supra at 919.

To satisfy his initial burden of production, respondent introduced into evidence Forms 1099-Misc issued to petitioner by 14 third-party payors. Respondent also introduced into evidence checks issued to and cashed by petitioner from two third-party payors. Respondent introduced the Forms 1099-Misc as business records through written declarations under rules 803(6) and 902(11) of the Federal Rules of Evidence and introduced the checks as self-authenticating commercial paper under rule 902(9) of the Federal Rules of Evidence.[6]

---

[6] Petitioner argued on brief that respondent had the burden of proof regarding the unreported income adjustments and respondent did not satisfy that burden because the business records and checks offered at trial were inadmissible. As discussed elsewhere in this opinion, respondent bears only the initial burden of production and not the ultimate burden of proof. Respondent has satisfied his initial burden of production by introducing the business records and checks. The business records in question were kept in the regular course of business and were properly authenticated in certifications submitted under Fed. R. Evid. 803(6) and 902(11), and the checks are self-authenticating commercial paper under Fed. R. Evid. 902(9).
(continued...)

The business records and checks respondent introduced establish that petitioner received income from medical and healthcare payments during 2001. While this evidence covers only 16 of the 25 third-party payors from which respondent determined petitioner received income, it establishes a minimal factual predicate or foundation of substantive evidence linking the taxpayer to income-generating activity. We conclude that respondent laid the requisite foundation for the contested unreported income from medical and healthcare payments and that petitioner bears the burden of proving respondent's determination incorrect.

Respondent did not, however, introduce any evidence establishing that petitioner received interest income during 2001. Because respondent has not laid the requisite foundation in this regard, we find that the alleged interest income of $72 is not included in petitioner's gross income for 2001.

Petitioner did not attend the trial, and he did not attempt through his counsel to introduce any evidence regarding the items of unreported income. Therefore, we conclude that petitioner has failed to carry his burden of proof. Respondent's unreported

---

[6](...continued)
Therefore, the records and checks were properly admitted into evidence at trial, and we do not consider petitioner's arguments further.

income adjustments relating to the medical and healthcare payments are sustained.

## II.  Self-Employment Tax

Section 1401 imposes a tax on the self-employment income of individuals.  Self-employment income means the net earnings from self-employment derived by an individual.  Sec. 1402(b).  Respondent determined the medical and healthcare payments received by petitioner constituted self-employment income and consequently petitioner was liable for self-employment tax.  Petitioner bears the burden of proving respondent's determination incorrect.  See Rule 142(a); Welch v. Helvering, supra at 115.  Petitioner argues he is not liable for self-employment tax because "Respondent has failed to establish self-employment income".  As described above, respondent established petitioner received income from medical and healthcare payments received for services rendered by petitioner.  Petitioner presented no testimony or evidence regarding his liability for self-employment tax and has failed to meet his burden of proof.  Therefore, we conclude that petitioner is liable for self-employment tax.

## III. Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed, unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.  Respondent determined petitioner is liable for

an addition to tax under section 6651(a)(1) because he failed to file a 2001 Federal income tax return.

Respondent bears the burden of production with respect to petitioner's liability for the addition to tax under section 6651(a)(1). See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating it is appropriate to impose the addition to tax. See Higbee v. Commissioner, supra at 446-447. Once respondent meets his burden of production, petitioner bears the burden of proving he is not liable for the additions to tax. See id. at 447.

Respondent introduced into evidence a Form 3050, Certification of Lack of Record, and a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, both of which show petitioner did not file a 2001 Federal income tax return. On the basis of this evidence, we find that respondent has met his burden of production.

Petitioner did not introduce any evidence to prove he had reasonable cause for his failure to file a 2001 Federal income tax return. Therefore, we conclude that petitioner is liable for an addition to tax under section 6651(a)(1).

IV. Addition to Tax Under Section 6654(a)

Section 6654(a) imposes an addition to tax on an underpayment of a required installment of individual estimated

tax unless one of the statutory exceptions applies.  Sec. 6654(a), (b), (e).  Each required annual installment of estimated tax is equal to 25 percent of the "required annual payment", which is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B).  Respondent determined that petitioner is liable for an addition to tax under section 6654(a) because he made no estimated tax payments for 2001.

Respondent bears the burden of production with respect to petitioner's liability for the addition to tax under section 6654(a).  See sec. 7491(c); Higbee v. Commissioner, supra at 446-447.  "In order to satisfy his burden of production * * * regarding petitioner's liability for the section 6654 addition to tax, respondent, at a minimum, must produce evidence necessary to enable the Court to conclude that petitioner had a required annual payment under section 6654(d)(1)(B)."  Wheeler v. Commissioner, 127 T.C. 200, 211 (2006).

Respondent introduced into evidence Form 3050, which shows that petitioner did not file tax returns for 2000 or 2001. Thus, respondent has established that, because petitioner did not file a 2000 Federal income tax return, petitioner was required by

section 6654(d)(1)(B) to make an annual payment during 2001 of 90 percent of the tax for 2001.[7]  Respondent also introduced into evidence Form 4340, which shows that petitioner did not make the required estimated tax payments.  On the basis of this evidence, we find that respondent has met his burden of production.

We do not find that a statutory exception to the addition to tax under section 6654(e) applies.  Therefore, we conclude that petitioner is liable for an addition to tax under section 6654(a).

V.   Penalty Under Section 6673(a)(1)

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay.  At trial and on brief, respondent asked the Court to impose a penalty under section 6673(a)(1) against petitioner due to petitioner's failure to cooperate, his failure to appear at trial, and his continual delay.

Petitioner's actions evidence an intention to delay the proceedings, and he has failed to cooperate with respondent at

---

[7]  As discussed _supra_, respondent also established that petitioner has tax due for 2001 as the result of the medical and healthcare payments received.  The amount of tax due, and consequently, the amount of the additions to tax, must be determined by the parties under Rule 155.

every level.  Additionally, while petitioner did not raise typical tax-protester arguments, petitioner's actions and his failure to introduce any evidence to support his claims closely mirrors the tactics of many tax protesters.  However, petitioner was not warned until the conclusion of this case that a penalty might be imposed under section 6673(a)(1).  For this reason only, we decline to impose a penalty under section 6673(a)(1).  We strongly admonish petitioner that if he persists in using tactics of delay or in failing to cooperate with respondent in proceedings hereafter, the Court will not be so favorably inclined in the future.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order</u>
<u>and decision will be entered</u>
<u>under Rule 155</u>.