T.C. Memo. 2007-83

UNITED STATES TAX COURT

GEORGE E. HARP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14176-05L.                    Filed April 9, 2007.

<u>George E. Harp</u>, pro se.

<u>Elke B. Esbjornson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment filed pursuant to Rule
121.[1]  The issues for decision are whether respondent abused his

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  Amounts
                                              (continued...)

discretion in sustaining the proposed collection actions and whether the Court should impose against petitioner a penalty under section 6673(a).

## FINDINGS OF FACT

At the time he filed his petition, petitioner resided in Shreveport, Louisiana.

Petitioner is an attorney admitted to practice before this Court. He has represented at least two taxpayers before the Court. See Olmos v. Commissioner, T.C. Memo. 2007-82; Heers v. Commissioner, T.C. Memo. 2007-10.

Petitioner failed to timely file Federal income tax returns for 1995 through 2000 (years at issue). During the examination of the years at issue, petitioner submitted tax returns reporting all zeroes and attached documents entitled "Asseveration of Claimed Gross Income" and "Statement and Asseveration of Exclusion of Remuneration from Gross Income". In the returns and attachments, petitioner argued that his income was not includable in gross income and raised various tax-protester arguments. After respondent received petitioner's returns, respondent used the bank deposits method to reconstruct petitioner's income.[2]

_____

[1](...continued)
are rounded to the nearest dollar.

[2] Respondent issued summonses to various banks, ordering the banks to produce petitioner's bank records for the years at issue. Prior to the issuance of the notice of deficiency,
(continued...)

On November 22, 2003, respondent issued petitioner a notice of deficiency, which petitioner received. Respondent determined the following deficiencies in Federal income tax, additions to tax under section 6651(a)(1) for failure to timely file returns, and penalties under section 6663 for civil tax fraud:

| Year | Tax | Additions to tax Sec. 6651(a)(1) | Penalties Sec. 6663 |
|------|-----|------|------|
| 1995 | $9,158 | $2,290 | $6,869 |
| 1996 | 9,496 | 2,374 | 7,122 |
| 1997 | 5,033 | 1,258 | 3,775 |
| 1998 | 3,245 | 811 | 2,434 |
| 1999 | 1,666 | 417 | 1,250 |
| 2000 | 3,544 | 886 | 2,658 |

Petitioner did not file a petition with this Court in response to the notice of deficiency.

On March 22, 2004, respondent assessed the tax due, the additions to tax, and the penalties for the years at issue. On the same day, respondent issued petitioner a notice of balance due and demand for payment.

---

[2](...continued)
petitioner requested to cross-examine the parties who submitted documentation in response to the summonses. Respondent denied petitioner's request. Respondent also denied petitioner's request that the examining officer submit a request for technical advice regarding the cross-examination issue to respondent's National Office.

On December 18, 2004, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy). On January 13, 2005, respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. § 6320 (notice of Federal tax lien). On January 18 and February 23, 2005, respectively, respondent received two Forms 12153, Request for a Collection Due Process Hearing, in response to the notice of intent to levy and the notice of Federal tax lien. In the Forms 12153, petitioner argued that respondent violated petitioner's due process rights by not allowing him "to confront and cross-examine the witnesses" who provided respondent with petitioner's bank records and by not requesting technical advice from respondent's National Office.

On March 4, 2005, Appeals Officer Catherine Smith (Ms. Smith) was assigned to petitioner's case. On April 13, 2005, Ms. Smith sent petitioner a letter stating that courts have considered petitioner's arguments to be frivolous or groundless. Ms. Smith explained what issues could be addressed during the section 6330 hearing, requested that petitioner submit financial information and any desired collection alternatives, and scheduled a telephonic section 6330 hearing for May 11, 2005. Petitioner's section 6330 hearing was held on May 11, 2005, during which petitioner made the same arguments raised in the

Forms 12153.  Petitioner did not provide financial information, nor did he propose any collection alternatives.

On July 1, 2005, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) with respect to the years at issue.  Respondent determined that petitioner's arguments were frivolous, that the arguments went to the underlying tax liability, and that petitioner was precluded from challenging the underlying tax liability because he had received a notice of deficiency.[3]  After verifying that all administrative and statutory requirements were met, respondent sustained the proposed collection actions.[4]  Respondent warned petitioner that, if he continued to raise frivolous arguments, the Court could impose a penalty under section 6673(a)(1).

---

[3]  Apparently, during the sec. 6330 hearing, petitioner also argued that the Federal tax lien should be withdrawn because petitioner submitted at least two sec. 6330 hearing requests before the notice of intent to levy and the notice of Federal tax lien were issued.  Respondent determined that petitioner's right to a sec. 6330 hearing did not arise until after the notice of intent to levy and the notice of Federal tax lien were issued, that the previous sec. 6330 hearing requests were premature, and that petitioner did not otherwise establish why the Federal tax lien was improperly filed.  In his petition, petitioner does not argue that the Federal tax lien was improperly filed.  Thus, we find petitioner has conceded the issue.  See Rule 331(b)(4).

[4]  To determine whether assessment procedures were followed and whether all administrative and statutory requirements were met, Ms. Smith relied on TXMODA transcripts of account for petitioner's tax years at issue.

In response to the notice of determination, petitioner filed a petition with this Court on August 1, 2005. Petitioner argued that Ms. Smith abused her discretion "in relying on 'cherry picked' documentation to determine that the requirements of applicable law and administrative procedures had been met" and that "The assessments for each of the tax years in question were made and a notice of deficiency was issued in violation of Taxpayer's due process * * * rights".

On July 14, 2006, the Court filed respondent's motion for summary judgment. On September 18, 2006, the Court filed petitioner's response and heard arguments on respondent's motion.

OPINION

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). We conclude that there are no genuine issues of material fact and a decision may be rendered as a matter of law.

When, as is the case here, the taxpayer received a notice of deficiency and did not petition the Court, the validity of the underlying tax liability is not at issue, and the Court will

review the notice of determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner argues that, prior to the issuance of the notice of deficiency, he was improperly denied his Sixth Amendment right to "confront and cross-examine" the parties who provided respondent with petitioner's bank records. Further, petitioner argues that, prior to the issuance of the notice of deficiency, respondent improperly refused to apply for technical advice on the Sixth Amendment issue. Petitioner concludes that "The assessments for each of the tax years in question were made and a notice of deficiency issued in violation of Taxpayer's due process rights". While petitioner characterizes his arguments otherwise, these arguments are challenges to the notice of deficiency and the underlying tax liability. Because he received a notice of deficiency but did not petition the Court, petitioner is precluded as a matter of law from challenging the validity of the underlying tax liability. See Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182; see also sec. 6330(c)(2)(B). Even if petitioner's arguments could be properly characterized as something other than a challenge to the underlying tax liability, we find that petitioner's arguments are frivolous and groundless. "We perceive no need to refute these arguments with somber reasoning and copious citation of

precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Petitioner also argues that Ms. Smith abused her discretion by "cherry-picking" documentation to verify that the assessment procedures were followed and to determine that the requirements of applicable law and administrative procedures were satisfied. Petitioner's argument is without merit.

Section 6330(c)(1) provides that "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Section 6330(c)(1) does not require the Appeals officer to rely on a particular document to satisfy the verification requirement. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.2d 1224 (11th Cir. 2003); Kubon v. Commissioner, T.C. Memo. 2005-71. Generally, the Appeals officer may rely on TXMODA transcripts of account to satisfy the verification requirement. See Kubon v. Commissioner, supra; Schroeder v. Commissioner, T.C. Memo. 2002-190; Weishan v. Commissioner, T.C. Memo. 2002-88, affd. 66 Fed. Appx. 113 (9th Cir. 2003); Lindsey v. Commissioner, T.C. Memo. 2002-87, affd. 56 Fed. Appx. 802 (9th Cir. 2003).

Ms. Smith obtained and reviewed TXMODA transcripts of account for petitioner's tax years at issue to verify that the

assessments were properly made and that all other requirements of applicable law and administrative procedure had been met. Petitioner has not alleged any irregularity which would raise a question about the information contained in the TXMODA transcripts relied on by Ms. Smith. Accordingly, we conclude there is no question that Ms. Smith satisfied the verification requirement of section 6330(c)(1). See Kubon v. Commissioner, supra.

Petitioner makes no other arguments against the validity of the notice of determination. In particular, petitioner fails to make a valid challenge to the appropriateness of respondent's intended collection actions, raise a spousal defense, or offer alternative means of collection. See sec. 6330(c)(2)(A). We conclude that respondent did not abuse his discretion in determining that collection should proceed and that respondent is entitled to judgment as a matter of law.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that the proceedings have been instituted or maintained primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. Sec. 6673(a)(1)(A) and (B). Respondent does not ask the Court to impose a penalty on petitioner under

section 6673(a)(1). However, the Court may sua sponte determine whether to impose such a penalty.

We find that petitioner instituted and maintained this case primarily for delay. During the examination prior to the issuance of the notice of deficiency, the section 6330 hearing, and the trial of this case, petitioner raised no arguments of merit. Instead, he advanced only frivolous and groundless arguments. In the notice of determination, respondent warned petitioner of the possibility of a penalty under section 6673(a)(1). Additionally, petitioner is an attorney who is admitted to practice before this Court and has represented at least two taxpayers before the Court. See Olmos v. Commissioner, T.C. Memo. 2007-82; Heers v. Commissioner, T.C. Memo. 2007-10. Under the circumstances, it is reasonable to assume that petitioner understood the potential consequences of maintaining an action primarily for delay and of raising frivolous and groundless arguments. On the basis of the above, we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $5,000.

We have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.