T.C. Memo. 2020-83

UNITED STATES TAX COURT

FRITZ STEVEN SCHWAGER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17954-18L.                    Filed June 15, 2020.

Fritz Steven Schwager, pro se.

Robert D. Heitmeyer and Lawrence D. Sledz, for respondent.

MEMORANDUM OPINION

URDA, Judge:  In this collection due process (CDP) case, Fritz Steven

Schwager seeks review, pursuant to section 6330(d)(1),[1] of the determination of

---

[1]All section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] the Internal Revenue Service (IRS) Office of Appeals to sustain a notice of intent to levy with respect to unpaid Federal income tax liabilities and additions to tax for his 2009 through 2012 taxable years. Respondent has moved for summary judgment under Rule 121, contending that the Office of Appeals did not abuse its discretion in dismissing as frivolous Mr. Schwager's arguments made during the CDP proceedings and sustaining the proposed levy action. Mr. Schwager, for his part, has cross-moved for summary judgment, arguing that the liabilities described in the levy notice were improperly assessed for a range of reasons including that he is not subject to Federal income tax. We will grant respondent's motion and deny Mr. Schwager's.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached declaration and exhibits that constitute the administrative record. See Rule 121(b). Mr. Schwager resided in Michigan when he timely filed his petition.

A.     Mr. Schwager's Tax Liabilities

Mr. Schwager did not file Federal income tax returns for his 2009 through 2012 taxable years. The IRS prepared substitutes for returns (SFRs) pursuant to its authority under section 6020(b) and then mailed to Mr. Schwager (at an address

[*3] in Sterling Heights, Michigan) a notice of deficiency for each year, consistent with the SFRs. The notices determined deficiencies and additions to tax in the following amounts:

|  |  | Additions to tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2009 | $8,050 | $1,731 | $1,154 | $183 |
| 2010 | 7,983 | 1,667 | 815 | 157 |
| 2011 | 9,887 | 2,202 | 1,272 | 194 |
| 2012 | 7,552 | 1,699 | 944 | 135 |

Mr. Schwager filed a timely petition for redetermination in this Court relating to his 2012 taxable year, one of the four years for which a notice of deficiency had been issued. We later dismissed that case for failure to prosecute. Schwager v. Commissioner, T.C. Dkt. No. 23806-15 (Apr. 5, 2017) (order of dismissal and decision). Mr. Schwager neither sought appellate review of that decision nor filed a petition with respect to any of the other years at issue. The IRS thereafter assessed the foregoing deficiencies and additions to tax for all years.

**[*4]** B.     Collection Activities and CDP Hearing

In an effort to collect these liabilities, the IRS issued to Mr. Schwager a Notice of Intent to Levy and Notice of Your Right to a Hearing. He responded by a letter in which he questioned the validity of the levy notice. In support he referenced a panoply of statutes and cases addressing issues including the Paperwork Reduction Act, the proper recording of tax assessments, the IRS' supposed burden of proof, fraud, the ultra vires doctrine, and delegation of authority. The IRS treated this letter as a timely request for a CDP hearing before the Office of Appeals.

The case thereafter was assigned to a settlement officer in the Office of Appeals. The settlement officer reviewed the IRS' TXMODA transcripts[2] for Mr. Schwager's account and concluded that the requirements of applicable law and procedure had been satisfied. Specifically, she noted that Mr. Schwager's liabilities had been correctly assessed, that notice and demand for payment had properly been sent to him, and that there had been a balance due from him when the IRS issued the levy notice.

---

[2]A TXMODA transcript contains current account information obtained from the IRS' master file. See Schroeder v. Commissioner, T.C. Memo. 2002-190, 2002 WL 1792084, at *2 n.3. The label "TXMODA" refers to the command code entered into the IRS' computer system to obtain the transcript. Id.

**[*5]**  The settlement officer sent Mr. Schwager a letter, scheduling his CDP hearing and explaining the issues that she would consider during that hearing.  The letter informed Mr. Schwager that he could raise any disagreements with the collection action, but that he would be prohibited from challenging the underlying liabilities if he had previously had an opportunity to dispute them.  The letter also apprised Mr. Schwager that he could propose a collection alternative, which would require him to provide certain identified documentation.

Mr. Schwager sent another letter in response, in which he questioned the need for a CDP hearing.  Among other things, Mr. Schwager insisted that he was not a "taxable person" under the Code, that the Office of Appeals had no jurisdiction over him, and that he could support these positions with discovery and reference to "Positive Laws".  Mr. Schwager invited further communication by letter although he advised the settlement officer to "comply with Paper Work Reduction Act with appropriate OMB number to explicitly express that I am that statutory person to legally comply therewith".

The parties exchanged one additional round of letters.  The settlement officer wrote to Mr. Schwager acknowledging his request to conduct his CDP hearing in writing and reminding him both of the issues she could consider and the documentation she would need as part of her consideration.  She further informed

**[\*6]** Mr. Schwager of her conclusion that the IRS had satisfied all applicable legal and administrative requirements with respect to the proposed levy notice, enclosing with her letter transcripts for Mr. Schwager's account evidencing the assessment of his liabilities. For his part, Mr. Schwager sent a return letter in which he repeated the arguments that he had made in his previous missives and accused the settlement officer of prejudging the case before he could obtain documents that would "identify * * * [his] true natural status as oppose[d] to statutory person."

C.      Notice of Determination and Tax Court Proceedings

Having received no documentation by the following month, the settlement officer closed Mr. Schwager's case. The Office of Appeals thereafter issued a notice of determination sustaining the proposed levy action. The notice observed that Mr. Schwager had offered no alternatives to collection (such as an installment agreement or an offer in compromise) and had challenged the underlying liabilities by taking positions that had been identified as frivolous. It further concluded that the proposed levy action appropriately balanced efficient tax collection with Mr. Schwager's interest in ensuring that the collection action was minimally intrusive.

**[\*7]** Mr. Schwager timely petitioned this Court for review of the Office of Appeals' determination, and the parties subsequently filed dueling motions for summary judgment.

## Discussion

### A.  Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b), we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Id.  However, the nonmoving party may not rest upon the mere allegations or denials in his pleadings but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial.  Rule 121(d); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

**[\*8]** B.  Standard of Review

We have jurisdiction to review the Office of Appeals' determination pursuant to section 6330(d)(1). See Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other aspects of the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. at 320; Taylor v. Commissioner, T.C. Memo. 2009-27, 2009 WL 275721, at \*9.

C. Underlying Liability

A taxpayer may challenge the existence or amount of his underlying liabilities in a CDP proceeding only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); see also Bell v. Commissioner, 126 T.C. 356, 358 (2006). For these purposes, the phrase "underlying tax liability"

[*9] includes the tax deficiency, any penalties and additions to tax, and statutory interest. Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Both in the Office of Appeals and in this Court Mr. Schwager has sought to challenge his underlying liabilities with a raft of patently frivolous arguments. The record before us, however, illustrates that he had a prior opportunity to dispute those liabilities. The record shows that the IRS sent a notice of deficiency for each of the years at issue to Mr. Schwager, and he has offered no evidence to the contrary. Indeed, Mr. Schwager's petition to this Court with respect to 2012 belies such a notion. As Mr. Schwager had a prior opportunity to dispute his liabilities, he is precluded from doing so here. See sec. 6330(c)(2)(B); see also Bell v. Commissioner, 126 T.C. at 358; Pierson v. Commissioner, 115 T.C. 576, 579-580 (2000).

D.    Abuse of Discretion

We next consider whether the settlement officer:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues which Mr. Schwager raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [Mr. Schwager] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). Our

**[\*10]** review of the administrative record establishes that the settlement officer did not abuse her discretion in satisfying the requirements set forth in section 6330(c).

1.    Verification

The record reflects that the settlement officer reviewed the IRS' transcripts for Mr. Schwager's account and his administrative file.  On the basis of her review, the settlement officer determined that the IRS had properly assessed Mr. Schwager's liabilities, sent a notice and demand for payment, and issued a notice of deficiency for each year.  She further determined that there was a balance due when the IRS issued the levy notice to Mr. Schwager.

As we understand him, Mr. Schwager argues that there can be no legal assessment against him in the absence of the IRS' production of a Form 23-C, Assessment Certificate--Summary Record of Assessments, which reflects the making of the assessments.  This position is frivolous, as we have said before.  See Carothers v. Commissioner, T.C. Memo. 2013-165, at \*8 n.7; Cain v. Commissioner, T.C. Memo. 2006-148, 2006 WL 2035610, at \*2.  We have further explained that a settlement officer "does not abuse his discretion when, to obtain the verification required by sec. 6330(c)(1), he relies on an IRS transcript, rather than producing or relying upon a Form 23C."  Carothers v. Commissioner, at \*8 n.7; see also Craig v. Commissioner, 119 T.C. 252, 262 (2002) ("Section

**[*11]** 6330(c)(1) does not require the * * * [settlement] officer to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) in order to satisfy this verification requirement."); Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).

In this case the settlement officer verified that Mr. Schwager's liabilities had been correctly assessed on the basis of her review of the IRS' TXMODA transcripts for his account. We have repeatedly held that it is not an abuse of discretion for a settlement officer to rely upon such transcripts in performing her verification where the taxpayer fails to demonstrate an irregularity in the IRS' assessment procedures. See Sun River Fin. Tr. v. Commissioner, T.C. Memo. 2020-30, at *14; Schroeder v. Commissioner, T.C. Memo. 2002-190, 2002 WL 1792084, at *5; see also Harp v. Commissioner, T.C. Memo. 2007-83, 2007 WL 1051514, at *3 ("Generally, the * * * [settlement] officer may rely on TXMODA transcripts of account to satisfy the verification requirement[.]"). And Mr. Schwager has not alleged any irregularity in the IRS' assessment procedures that would call into question the validity of the assessments or the information in the TXMODA transcripts. Cf. Roberts v. Commissioner, 118 T.C. 365, 370-371 (2002) (rejecting the notion that the IRS' use of a computer-generated report rather than a Form 23-C to make an assessment constitutes an irregularity in the IRS'

[*12] assessment procedure), aff'd, 329 F.3d 1224 (11th Cir. 2003).  We thus see no abuse of discretion in this regard.

To the extent that Mr. Schwager faults the settlement officer for failing to provide him with a Form 23-C or other assessment records, he misses the mark.  The settlement officer was not required to obtain Mr. Schwager's Form 23-C to verify assessment, as we explained above, and was under no obligation to provide him with the documents that she reviewed as part of her verification.  See, e.g., Craig v. Commissioner, 119 T.C. at 262.  In any event, the record shows the settlement officer sent Mr. Schwager copies of his literal transcripts with all the assessment information required to be provided to him under section 6203 and section 301.6203-1, Proced. & Admin. Regs.  See Carrillo v. Commissioner, T.C. Memo. 2005-290, 2005 WL 3486022, at *10 ("This Court likewise has upheld collection actions where taxpayers were provided with literal transcripts of account[.]").[3]

_____

[3]Mr. Schwager also asserts that he never received any notice and demand for payment.  His assertion, however, is not supported by affidavit or other evidence and thus is insufficient to give rise to a genuine factual dispute.  See Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Even if it were sufficient, this line of argumentation would not carry the day for Mr. Schwager.  The record reflects that Mr. Schwager received the IRS' notice of intent to levy, and he does not dispute his receipt of the notices of deficiency for the years at issue.  These various notices were adequate, as a matter of law, to

(continued...)

**[\*13]** On the basis of our review of the record, we conclude that the settlement officer did not abuse her discretion in her verification that all applicable legal and administrative requirements had been met.[4]

### 2. Issues Raised

Throughout his CDP hearing (and in this Court) Mr. Schwager argued, inter alia, that as a citizen of the State of Michigan he is not a "taxpayer" for purposes of the Code, that the IRS at various points violated the Paperwork Reduction Act, and that his liabilities were void for lack of a Form 23-C. Even assuming arguendo that these arguments can be construed as anything other than prohibited challenges to his underlying liabilities, Mr. Schwager would not prevail.

As we and other courts have said in scores of cases before, these contentions are frivolous. See, e.g., United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) (describing the argument that the taxpayer was a citizen of Michigan

---

[3](...continued)
satisfy the notice and demand requirement of sec. 6303(a). See Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).

[4]In the context of a settlement officer's verification under sec. 6330(c), we have held that "[w]here the supervisory approval requirement of section 6751(b)(1) applies, the \* \* \* [settlement] officer should obtain verification that such approval was obtained". ATL & Sons Holdings, Inc. v. Commissioner, 152 T.C. 138, 144 (2019). The approval requirement of sec. 6751(b)(1), however, does not apply to the additions to tax under secs. 6651(a)(1) and (2) and 6654 at issue in this case. See sec. 6751(b)(2)(A).

**[*14]** and therefore not subject to Federal income tax laws as "completely without merit and patently frivolous"); United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991) (explaining that "Congress enacted the * * * [Paperwork Reduction Act] to keep agencies, including the IRS, from deluging the public with needless paperwork" and that "[i]t did not do so to create a loophole in the tax code"); Wheeler v. Commissioner, 127 T.C. 200, 213 (2006) (deeming a similar argument under the Paperwork Reduction Act frivolous), aff'd, 521 F.3d 1289 (10th Cir. 2008); Wagenknecht v. Commissioner, T.C. Memo. 2008-288, 2008 WL 5330886, at *1-*2 (cataloging a list of "frivolous and groundless" arguments, including narrow readings of the statutory terms "person", "individual", and "taxpayer"); Cain v. Commissioner, 2006 WL 2035610, at *2 (rejecting as "groundless" the position that the IRS is required to use a Form 23-C when making an assessment).

We will not painstakingly document every groundless argument advanced by Mr. Schwager, or dignify them with reasoned analysis, for doing so might be misinterpreted as suggesting that they have some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); Grunsted v. Commissioner, 136 T.C. 455, 460 (2011); see also Wnuck v. Commissioner, 136 T.C. 498, 510-513 (2011) (explaining that addressing frivolous arguments wastes time and resources and delays the assessment of tax). They do not.

[*15] The settlement officer did not abuse her discretion in sustaining the levy notice in the face of Mr. Schwager's frivolous arguments.

3.      Balancing Analysis

The notice of determination expressly reflects the settlement officer's judgment that the IRS' proposed levy action balanced the efficient collection of taxes with Mr. Schwager's legitimate concern that the collection action be no more intrusive than necessary, as required under section 6330(c)(3)(C).  Mr. Schwager challenges that determination, arguing that any balancing was required to favor him because he does not fit the Code's definition of "taxpayer".

Mr. Schwager's position is frivolous and fails to cast the least doubt on the settlement officer's balancing determination.  The settlement officer gave Mr. Schwager multiple opportunities to propose collection alternatives and raise objections to the SFRs, but he preferred to repeat hackneyed, frivolous arguments instead.  Mr. Schwager fails to show that the settlement officer abused her discretion in concluding that the levy struck the proper balance under these circumstances.

E.      Section 6673 Penalty

We have previously directed Mr. Schwager's attention to our authority under section 6673 to impose a penalty not in excess of $25,000 "[w]henever it

**[*16]** appears to the Tax Court" that a taxpayer has instituted or maintained a proceeding "primarily for delay" or has taken a position that is "frivolous or groundless".[5] See, e.g., Roberts v. Commissioner, 118 T.C. at 373 (imposing a $10,000 penalty); Standifird v. Commissioner, T.C. Memo. 2002-245, 2002 WL 31151194, at *4 (imposing a $7,500 penalty), aff'd, 72 F. App'x 729 (9th Cir. 2003); Davis v. Commissioner, T.C. Memo. 2001-87, 2001 WL 378831, at *3 (imposing a $4,000 penalty); cf. Sullivan v. United States, 788 F.2d 813, 816 (1st Cir. 1986) (imposing double costs against a taxpayer for raising related frivolous arguments). Mr. Schwager's arguments are plainly frivolous, and we warn him that making such arguments in the future risks the hefty fines authorized by section 6673.

F.   Conclusion

Finding no abuse of discretion in any respect, we will grant respondent's motion for summary judgment (and deny Mr. Schwager's cross-motion for summary judgment) and uphold the determination of the Office of Appeals to sustain the proposed levy action.

---

[5]At an earlier stage of the case, Mr. Schwager argued that he had a constitutional right to be represented by an individual who was not admitted to practice before this Court. We disagreed. After Mr. Schwager continued to press this point, we warned him that he was running the risk that we would impose a penalty under sec. 6673.

**[*17]** To reflect the foregoing,

An appropriate order and decision

will be entered.