T.C. Memo. 2007-10

UNITED STATES TAX COURT

RAYMOND A. HEERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22338-03.              Filed January 16, 2007.

<u>George E. Harp</u>, for petitioner.

<u>William F. Castor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $86,858 and additions to tax
under sections 6651(a)(1)[1] and 6654 of $11,616.75 and $3,085.41,

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the taxable year in issue,
and Rule references are to the Tax Court Rules of Practice and
(continued...)

respectively, for 2000.  Respondent also determined that petitioner was liable for an addition to tax under section 6651(a)(2) in an amount to be determined.  Petitioner seeks a redetermination of the deficiency and additions to tax.  After concessions,[2] the issues for decision are:

(1)  Whether petitioner received unreported income in the form of nonemployee compensation and an early individual retirement account (IRA) distribution;

(2)  whether petitioner is liable for an addition to tax under section 6651(a)(1) for failing to file his 2000 tax return; and

---

[1](...continued)
Procedure.

[2]Respondent concedes that petitioner is not liable for the addition to tax under sec. 6651(a)(2) and is liable for an addition to tax under sec. 6654 in the reduced amount of $2,538.56.  Petitioner concedes that he received unreported wage income of approximately $23,000 and that he did not file a Federal income tax return for 2000.

Petitioner argued in his petition that the notice of deficiency did not sufficiently describe the basis of the tax deficiency as required by sec. 7522.  However, he did not raise this argument on brief, and, therefore, we deem it conceded.  See Rule 151(e)(4) and (5); Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989).  Petitioner also argued in his petition that he is not liable for self-employment tax because he did not receive self-employment income and that he is not liable for the additional tax under sec. 72(t) on the early withdrawal of an individual retirement account (IRA) distribution because he did not have an IRA account nor did he receive an IRA distribution. Because petitioner similarly failed to raise these issues on brief, we also deem them conceded to the extent we decide petitioner had unreported income in the form of nonemployee compensation and an early IRA distribution during 2000.  See Rule 151(e)(4) and (5); Petzoldt v. Commissioner, supra at 683.

(3) whether petitioner is liable for an addition to tax under section 6654 for failing to make estimated payments with respect to his 2000 tax liability.

FINDINGS OF FACT

Petitioner resided in Longwood, Florida, when his petition in this case was filed.

During 2000, petitioner, a certified registered nurse anesthetist, contracted with and provided services as an independent contractor for Nationwide Anesthesia Services, Inc. (Nationwide). Petitioner submitted invoices for his services, which showed the date and hours worked as well as related expenses and the total amount due to him under his contract with Nationwide. During 2000, petitioner also worked as an employee for Wellmont Health System for which he was paid wages totaling $23,012.95, and he requested and received an early withdrawal of $50,000 from an employer-sponsored retirement account at the Variable Annuity Life Insurance Company (VALIC) from which Federal income tax of $10,000 was withheld.

Petitioner did not file a Federal income tax return or make any estimated tax payments for 2000. On September 26, 2003, respondent issued a notice of deficiency for 2000 determining that petitioner received wage income of $23,012, nonemployee compensation of $171,069, and an early IRA distribution of $50,000. In the notice of deficiency, respondent also determined

that petitioner was liable for self-employment tax on the nonemployee compensation, was liable for additional tax under section 72(t) on the early IRA distribution, and was entitled to a self-employment tax deduction. Respondent also determined that petitioner was liable for additions to tax under sections 6651(a)(1) and (2) and 6654.

On December 24, 2003, petitioner's imperfect petition was filed. By order dated January 5, 2004, we ordered petitioner to file a proper amended petition and pay the filing fee on or before February 19, 2004. No response to the Court's order was received, and on April 26, 2004, we dismissed petitioner's case for lack of jurisdiction.

On July 29, 2004, we received and filed petitioner's motion for leave to file a motion to vacate the dismissal order out of time and lodged his motion to vacate the order of dismissal.[3] We also received petitioner's motion for leave to file an amended petition out of time and petitioner's amended petition. By order dated August 16, 2004, we granted petitioner's motion for leave to file the motion to vacate, directed that the motion to vacate be filed on that date, granted the motion to vacate, and vacated our April 26, 2004, order of dismissal. In the August 16, 2004,

---

[3]Petitioner's motion for leave to file a motion to vacate the dismissal order was mailed to the Court in an envelope bearing a postmark of July 26, 2004, and was therefore timely filed. See Stewart v. Commissioner, 127 T.C. 109, 116-117 (2006).

order, we also granted petitioner's motion for leave to file an amended petition out of time, and we directed that petitioner's amended petition be filed as of August 16, 2004.

A notice setting case for trial during the Court's Oklahoma City, Oklahoma, trial session beginning March 6, 2006, was served on petitioner on October 4, 2005. On March 6, 2006, we called petitioner's case to determine the status of the case and to set a trial date. Neither petitioner nor a representative appeared. We scheduled trial in petitioner's case for March 7, 2006.

When petitioner's case was called for trial on March 7, 2006, petitioner's attorney appeared, but petitioner did not. Although petitioner's attorney offered no evidence at trial, he objected to three of respondent's exhibits. After hearing argument on the objections, we overruled petitioner's objections and admitted the exhibits.

OPINION

I.   <u>Unreported Income</u>

A.   <u>Burden of Production</u>

Section 61(a) defines gross income for purposes of calculating taxable income as "all income from whatever source derived". Respondent determined that petitioner received gross income from VALIC and Nationwide, which petitioner failed to report on a Federal income tax return for 2000.

The Commissioner's deficiency determination is normally entitled to a presumption of correctness, <u>Bone v. Commissioner</u>, 324 F.3d 1289, 1293 (11th Cir. 2003), affg. T.C. Memo. 2001-43, and the burden of proving the determination incorrect generally rests with the taxpayer, Rule 142(a).  However, when a case involves unreported income and that case is appealable to the Court of Appeals for the Eleventh Circuit, as this case appears to be absent a stipulation to the contrary, the Commissioner's determination of unreported income is entitled to a presumption of correctness only if the determination is supported by a minimal evidentiary foundation linking the taxpayer to an income-producing activity.  <u>Blohm v. Commissioner</u>, 994 F.2d 1542, 1549 (11th Cir. 1993), affg. T.C. Memo. 1991-636; see also <u>Golsen v. Commissioner</u>, 54 T.C. 742, 756 (1970) (Tax Court is bound to apply the law of the circuit to which the case is appealable), affd. 445 F.2d 985 (10th Cir. 1971).  Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the burden shifts to the taxpayer to rebut the presumption by establishing that the Commissioner's determination is arbitrary or erroneous.  <u>Blohm v. Commissioner</u>, <u>supra</u> at 1549; see also <u>United States v. Janis</u>, 428 U.S. 433, 441-442 (1976).

To satisfy his initial burden of production, respondent introduced into evidence Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs,

Insurance Contracts, etc., and other business records obtained from and certified by VALIC and business records obtained from and certified by Nationwide, including the contract for services between petitioner and Nationwide and copies of petitioner's invoices for services rendered during 2000. Respondent introduced the business records through written declarations under rules 803(6) and 902(11) of the Federal Rules of Evidence.[4]

The business records that respondent introduced at trial establish that petitioner received nonemployee compensation during 2000. The business records include a contract between petitioner and Nationwide in which Nationwide agreed to solicit work for petitioner for a fee, invoices for service that show the time expended by petitioner and petitioner's earnings for such work, and agency fee checks for petitioner's work as an independent contractor during 2000. The invoices support

---

[4]Petitioner argued on brief that respondent had the burden of proof regarding the unreported income adjustments and that respondent did not satisfy that burden because the business records offered at trial were inadmissible. As we discuss elsewhere in this opinion, petitioner, not respondent, had the burden of proof regarding the unreported income. Moreover, even though respondent had an initial burden of producing evidence connecting petitioner to the unreported income, respondent satisfied his burden by introducing the VALIC and Nationwide business records. The business records in question were kept in the regular course of business and were properly authenticated in certifications submitted under Fed. R. Evid. 803(6) and 902(11). Therefore, the records were properly admitted into evidence at trial, and we do not consider petitioner's arguments further.

respondent's calculation that petitioner earned $171,069 for his services during 2000.

The business records also establish that petitioner received an early IRA distribution in 2000. Respondent introduced both a Form 1099 and the distribution form submitted by petitioner requesting the distribution. The distribution form bears signatures of petitioner and his wife, and the form is notarized. The notarized form contains a request for a partial account distribution of $50,000 and Federal income tax withholding of 20 percent of the distribution.

Based on the above, we conclude that respondent laid the requisite foundation for the contested unreported income adjustments and that respondent's determinations are entitled to the presumption of correctness.

B. Burden of Proof

Once the Commissioner has satisfied his initial burden of production with respect to the unreported income adjustments, the taxpayer ordinarily has the burden of proving by a preponderance of the evidence that the adjustments are erroneous or arbitrary. Blohm v. Commissioner, supra at 1549; Lundgren v. Commissioner, T.C. Memo. 2006-177. However, the burden of proof may shift to the Commissioner under section 7491(a) if the taxpayer has produced credible evidence relating to the tax liability at issue and has met his substantiation requirements, maintained required

records, and cooperated with the Secretary's reasonable requests for documents, witnesses, and meetings.

In this case, petitioner did not argue that section 7491(a) operates to shift the burden of proof regarding the unreported income adjustments to respondent, and he did not introduce any evidence that he satisfied the requirements of section 7491(a). In fact, petitioner did not attend the trial, and he did not attempt, through his counsel, to introduce any evidence at all. We conclude, therefore, that petitioner has the burden of proof regarding the unreported income items and that he failed to carry his burden. Respondent's unreported income adjustments are sustained.

II.  Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely return, unless it is shown that such a failure is due to reasonable cause and not due to willful neglect. See sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994); Harris v. Commissioner, T.C. Memo. 1998-332. A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a

conscious, intentional failure to file or reckless indifference toward filing.  See <u>United States v. Boyle</u>, <u>supra</u> at 245.

If the taxpayer assigns error to the Commissioner's determination that the taxpayer is liable for the addition to tax, the Commissioner has the burden, under section 7491(c), of producing evidence to show that the section 6651(a) addition to tax applies.  See <u>Swain v. Commissioner</u>, 118 T.C. 358, 364-365 (2002); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  In order to meet his burden of production, the Commissioner must come forward with sufficient evidence to show that it is appropriate to impose the relevant penalty or addition to tax. <u>Higbee v. Commissioner</u>, <u>supra</u> at 446.  However, the Commissioner is not required to introduce evidence regarding reasonable cause, substantial authority, or similar defenses.  <u>Id.</u>

Petitioner concedes he did not file a Federal income tax return or application for extension of time to file for 2000. That concession is sufficient to satisfy respondent's burden of producing evidence that the section 6651(a)(1) addition to tax applies.  Petitioner did not introduce any evidence to prove that he had reasonable cause for his failure to file his 2000 income tax return.  Consequently, we sustain respondent's determination.[5]

---

[5]Petitioner contended in his posttrial brief (but did not offer any testimony at trial to support his contention) that he
(continued...)

III.  Addition to Tax Under Section 6654

Section 6654(a) imposes an addition to tax in the case of any underpayment of estimated tax by an individual.  If the taxpayer assigns error to the Commissioner's determination that the taxpayer is liable for the addition to tax, the Commissioner has the burden, under section 7491(c), of producing evidence to show that the addition to tax applies.  See Swain v. Commissioner, supra at 364-365; Higbee v. Commissioner, supra at 446.

Under section 6654(d), the addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c).  Each required installment of estimated tax is equal to 25 percent of the "required annual payment".  Sec. 6654(d).  The "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding

---

[5](...continued)
did not file a return because, after taking into account withheld tax, he did not owe any unpaid tax for 2000.  We have held, however, that a mistaken belief that no tax was due is not sufficient to establish reasonable cause absent competent tax advice or a good faith effort to ascertain the filing requirements.  See Shomaker v. Commissioner, 38 T.C. 192, 202 (1962); French v. Commissioner, T.C. Memo. 1991-196.

taxable year, 100 percent of the tax shown on that return.[6]  Sec. 6654(d)(1)(A), (B), and (C).  A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year.  Sec. 6654(d); Wheeler v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 20-21).

To satisfy his burden of production, respondent introduced evidence establishing that 90 percent of petitioner's $86,858 income tax liability for 2000 was $78,172, that petitioner had withholding tax credits of $14,628 for 2000, that petitioner made no estimated tax payments for 2000, and that petitioner had filed a Federal income tax return for 1999 showing a Federal income tax liability of $52,589.  This evidence is sufficient to satisfy respondent's initial burden of providing evidence that petitioner had a required annual payment for 2000 payable in installments under section 6654 and that petitioner underpaid his estimated tax liability for 2000.  Petitioner offered no evidence whatsoever to refute respondent's evidence or to establish a defense to respondent's determination that petitioner is liable for the section 6654 addition to tax.  Consequently, we conclude that respondent's determination that petitioner is liable for the section 6654 addition to tax must be sustained.

---

[6]If an individual's adjusted gross income shown on the previous year's return exceeds $150,000, a higher percentage may apply.  See sec. 6654(d)(1)(C).

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.