T.C. Memo. 2007-121

UNITED STATES TAX COURT

WILLIAM M. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13599-05.                    Filed May 10, 2007.

William M. Smith, pro se.

<u>Jonathan J. Ono</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2002 Federal income tax of $4,088, as well as additions to tax under section 6651(a)(1) of $1,131 and section 6654 of $125.[1]

---

[1] Unless otherwise indicated, all section references are to
(continued...)

The issues for decision are: (1) Whether petitioner failed to report wages, interest, a State income tax refund, and other income of $35,335, $14, $757, and $270, respectively, in 2002; and (2) whether petitioner is liable for section 6651(a)(1) and 6654 additions to tax.[2]

## FINDINGS OF FACT

The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Lahaina, Hawaii, at the time the petition was filed.

In 2002, petitioner was employed by the county of Maui in Hawaii and received wage income of $35,335 and had withheld $713 in Federal income tax. Using third-party payor information, respondent determined that in 2002 petitioner also received $14 of interest from the Maui County Employees Federal Credit Union, $757 as an income tax refund from the State of Hawaii, and $270 from the Hawaii Public Employees Health Fund. Petitioner did not file a Federal income tax return for 2002 and, other than tax withheld of $713, failed to make estimated tax payments.

---

[1](...continued)
the Internal Revenue Code (Code), as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2] In the notice of deficiency respondent determined that petitioner was entitled only to the standard deduction, one personal exemption, and tax rates applicable to a single individual. Petitioner did not present any evidence or make any arguments with respect to deductions, exemptions, or filing status. We conclude that he has abandoned any argument with respect to these issues.

On April 26, 2005, respondent mailed a notice of deficiency to petitioner for 2002. The notice of deficiency correctly identified petitioner's name, address, and Social Security number. Petitioner timely filed his petition on July 22, 2005. Trial was held on this matter on June 20, 2006.

OPINION

At trial, petitioner admitted receiving $35,335 of wage income from Maui county, $14 of interest income from the Maui County Employees Federal Credit Union, and a $757 income tax refund from the State of Hawaii in 2002. Although petitioner asserted he did not receive $270 from the Hawaii Public Employees Health Fund as reported on the information return of the payor, he was a public employee in the State of Hawaii in 2002 and produced no evidence to dispute his receipt of that amount. Thus, respondent established the requisite evidentiary foundation connecting petitioner with the receipt of $270 in 2002. See Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977); Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989); McManus v. Commissioner, T.C. Memo. 2006-68.

Petitioner bears the burden of proving respondent's determinations are incorrect. See Rule 142(a). Petitioner produced no evidence to dispute respondent's determination of

petitioner's receipt of the $270 in 2002.  Therefore, this Court finds petitioner received $270 of income from the Hawaii Public Employees Health Fund in 2002.

Petitioner also asserted he was not liable for the deficiencies, making tax-protester arguments including:  (1) He is not a taxpayer; (2) respondent has no jurisdiction over him; and (3) respondent lacks authority to assert income tax deficiencies.  Petitioner's assertions have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see, e.g., Wetzel v. Commissioner, T.C. Memo. 2005-211 (rejecting as frivolous the argument that the taxpayer was not a taxpayer); Nunn v. Commissioner, T.C. Memo. 2002-250 (rejecting as without merit the argument that the Commissioner had no jurisdiction over the taxpayer or his documents).  This Court rejects petitioner's tax-protester arguments as frivolous and without merit.

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for failure to file an income tax return for 2002 and under section 6654(a) for failure to make estimated tax payments for 2002.  Respondent bears the burden of production with respect to petitioner's liability for

the additions to tax.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To meet his burden of production with respect to section 6651, respondent must come forward with sufficient evidence indicating it is appropriate to impose the addition to tax.  Higbee v. Commissioner, supra at 446-447.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless petitioner can establish that his failure was due to reasonable cause and not due to willful neglect.  Petitioner admitted he did not file a Federal income tax return for 2002.  Respondent has met his burden of production.  This Court finds that the failure to file a Federal income tax return for 2002 was not due to reasonable cause but was due to willful neglect.  Therefore, this Court holds that petitioner is liable for the section 6651(a)(1) addition to tax for 2002.

Under section 6654, the addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c)(1); Wheeler v. Commissioner, 127 T.C. 200, 210 (2006).  Each required installment of estimated tax is equal to 25 percent of the "required annual payment".  Sec. 6654(d)(1)(A).  The "required annual payment" is generally equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year

(or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10.  A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Wheeler v. Commissioner, supra at 211.

Respondent introduced evidence to prove petitioner was required to file a Federal income tax return for 2002, petitioner did not file a 2002 return, and petitioner failed to make estimated tax payments (with the exception of the withheld tax). However, in order to permit this Court to make the analysis required by section 6654(d)(1)(B)(ii) and to conclude that respondent met his burden of producing evidence that petitioner had a required annual payment for 2002 payable in installments under section 6654, respondent also must introduce evidence showing whether petitioner filed a return for the preceding taxable year and, if so, the amount of tax shown on that return. Respondent did not do so.  Without that evidence, this Court cannot identify the number equal to 100 percent of the tax shown on petitioner's 2001 return, complete the comparison required by section 6654(d)(1)(B), and conclude petitioner had a required annual payment for 2002 that was payable in installments under

section 6654. Consequently, respondent's determination regarding the section 6654 addition to tax is not sustained.

Although petitioner's arguments were frivolous and without merit, he was not previously warned that a penalty might be imposed under section 6673(a). For this reason only, this Court declines to impose a penalty under section 6673(a) but strongly admonishes petitioner that if he persists in failing to file his income tax returns and in pursuing tax-protester arguments, this Court will not be so favorably inclined in the future.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.