T.C. Summary Opinion 2007-203

UNITED STATES TAX COURT

RENARD HALLIBURTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13967-06S.          Filed December 5, 2007.

Renard Halliburton, pro se.

<u>Lisa R. Woods</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.  Amounts are rounded to
the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2002 Federal income tax of $6,480, as well as additions to tax under section 6651(a)(1) and (2) of $1,082 and $842, respectively, and section 6654(a) of $193.

After concessions,[2] the issues for decision are: (1) Whether petitioner failed to report a taxable distribution and other income of $1,830, and $12,000, respectively, in 2002; and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a).

## Background

The parties' stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Saint Paul, Minnesota, when he filed this petition.

On August 8, 2002, petitioner received $12,000 from Amex Financial Corp. (Amex) in settlement of a class action racial discrimination suit against Amex.[3] Amex mailed petitioner a Form 1099-MISC, Miscellaneous Income, stating it paid petitioner the $12,000 in 2003. During 2002, petitioner also received a taxable distribution of $1,830 from the National Finance Center Thrift Savings Plan (National).

---

[2] Respondent concedes that petitioner is not liable for the sec. 6651(a)(2) addition to tax.

[3] Petitioner did not contend that the $12,000 was not included in gross income under sec. 104(a)(2).

On March 23, 2005, respondent filed a substitute for return for petitioner and on April 11, 2005, assessed the tax shown thereon. On May 8, 2006, petitioner filed his Form 1040, U.S. Individual Income Tax Return, for 2002 (2002 return), in which he failed to report receiving the $12,000 from Amex and the $1,830 from National. Respondent treated the 2002 return as an amended return.

On May 9, 2006, respondent mailed petitioner a notice of deficiency for 2002. The notice of deficiency was mailed before respondent could take into consideration petitioner's 2002 return. Using third-party payor information, respondent determined petitioner owed $6,480 in Federal income tax on the basis of: (1) Wage income of $21,816 from the Xerox Corporation, $409 from Labor Ready Midwest, Inc., and $759 from the Doherty Employment Group; (2) a taxable distribution of $1,830 from National; and (3) other income of $12,000 from Amex. In the notice of deficiency, respondent calculated tax using married filing separately rates and allowed a standard deduction, one personal exemption, a self-employment tax deduction of $848, and an adjustment to prepayment credit of $1,669.

Petitioner filed an amended petition with the Court on September 11, 2006.[4]

---

[4] Petitioner's original petition was timely filed with the Court on July 19, 2006.

On January 16, 2007, respondent mailed petitioner a letter asking whether he received $12,000 from Amex and $1,830 from National in 2002.  Petitioner responded on March 30, 2007, in a letter stating he received $12,000 from Amex in 2002 and reported the income on his Form 1040X, Amended U.S. Individual Income Tax Return, for 2003 (2003 amended return) because Amex's Form 1099-MISC reported it paid him the $12,000 in 2003.  The letter also stated that petitioner received the $1,830 distribution in 2002.

## Discussion

Petitioner admits he received $12,000 from Amex and $1,830 from National in 2002 and failed to report the income in 2002.  Petitioner contends, however, that because he reported the $12,000 on his 2003 amended return, he was not required to report it in 2002.

Section 451(a) provides that the amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period.  Fed. Home Loan Mortgage Corp. v. Commissioner, 125 T.C. 248 (2005).

Although petitioner reported the $12,000 in 2003 because the Form 1099-MISC was mistakenly dated 2003, he received the amount in 2002.  Petitioner produced no evidence to show he used a

method of accounting requiring him to report the $12,000 in a period other than the period ending December 31, 2002.

Accordingly, the Court holds that petitioner was required to report the $12,000 in 2002.

Respondent determined that petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a). Respondent bears the burden of production with respect to petitioner's liability for the additions to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating it is appropriate to impose the additions to tax. Higbee v. Commissioner, supra at 446-447.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure was due to reasonable cause and not willful neglect. The parties stipulated that petitioner did not timely file the 2002 return. Respondent has met his burden of production. Petitioner did not show reasonable cause for failing to timely file a return for 2002. Sec. 6651(a)(1). Therefore, the Court holds that petitioner is liable for the section 6651(a)(1) addition to tax for 2002.

Section 6654(a) imposes an addition to tax on an individual taxpayer who underpays his estimated tax. The addition to tax

is calculated with respect to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(b) and (c). Each installment is equal to 25 percent of the "required annual payment".  Sec. 6654(d)(1)(A).  The "required annual payment" is generally equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 210-211 (2006); Heers v. Commissioner, T.C. Memo. 2007-10.

Respondent introduced evidence to show petitioner was required to file a Federal income tax return for 2002, failed to report income for 2002, and failed to make estimated tax payments for 2002 (with the exception of the withheld tax).  In order to permit the Court to make the analysis required by section 6654(d)(1)(B)(ii), respondent must introduce evidence showing whether petitioner filed a return for the preceding taxable year and, if so, the amount of tax shown on that return.  See Wheeler v. Commissioner, supra at 212.  Respondent did not do so. Without that evidence, this Court cannot identify the number equal to 100 percent of the tax shown on petitioner's 2001 return, complete the comparison required by section 6654(d)(1)(B), and conclude petitioner had a required annual

payment for 2002 that was payable in installments under section 6654.  Therefore, the Court finds respondent failed to meet his burden of production.  Accordingly, respondent's determination regarding the section 6654 addition to tax is not sustained.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and the addition to tax under section 6651(a)(1), and for petitioner as to the additions to tax under sections 6651(a)(2) and 6654</u>.