T.C. Summary Opinion 2008-152


UNITED STATES TAX COURT


ORLIE E. FAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 8916-07S, 8927-07S.  Filed December 8, 2008.


<u>James Allen Brown</u>, for petitioner.

<u>Ann Darnold</u>, for respondent.


HAINES, <u>Judge</u>:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petitions were filed.[1]  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies and additions to tax with respect to petitioner's Federal income taxes as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2003 | $25,861 | $5,819 | $4,008 | $677 |
| 2004 | 17,672 | 3,976 | 1,679 | 513 |

The issues for decision after concessions are: (1) Whether petitioner is entitled to deduct business expenses related to car and truck use, contract labor, tax return preparation, supplies, office, and meals and lodging for 2003 and 2004; (2) whether petitioner is entitled to deduct gambling losses for 2004; and (3) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654.[2]  For all purposes hereafter, years at issue will refer to 2003 and 2004.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference.  At the time petitioner filed his petitions, he resided in Arkansas.

---

[2]Respondent concedes the proposed additions to tax under sec. 6651(a)(2) for 2003 and 2004.  Respondent also concedes that petitioner is entitled to deductions for mortgage interest of $1,223 for both 2003 and 2004, real estate taxes of $700 for both 2003 and 2004, general sales taxes of $542 for 2004, and gambling losses of $17,100 for 2003.

During the years at issue petitioner worked as an independent contractor for Stallmann Construction Co. (Stallmann) and Industrial Siding (Industrial), related Arkansas businesses that specialized in the installation of siding, soffit, and fascia. In 2003 and 2004 Stallmann and Industrial paid petitioner rental income of $18,970 and $13,055, respectively, and nonemployee compensation of $56,913 and $40,570, respectively.

Petitioner failed to file Federal income tax returns for 2003 and 2004. On February 26, 2007, respondent sent petitioner separate notices of deficiency for those years. In response, petitioner hired an accountant, Roger D. Harrod (Mr. Harrod). On January 14, 2008, Mr. Harrod prepared and submitted petitioner's proposed Forms 1040, U.S. Individual Income Tax Return, for the years at issue. The Schedules C, Profit or Loss From Business, attached to the proposed returns reported the following expenses:

| Expense | 2003 | 2004 |
|---|---|---|
| Car and truck | $12,600 | $12,600 |
| Contract labor | 8,556 | 8,556 |
| Legal and professional | 3,375 | 3,375 |
| Supplies | 10,741 | 10,741 |
| Office | | 1,416 |
| Travel | 10,500 | 5,670 |
| Total | 45,772 | 42,358 |

The Schedules A, Itemized Deductions, attached to the proposed returns reported gambling losses of $17,100 for 2003 and $15,613 for 2004.

I.   Schedule C Expenses

     A.   Car and Truck Expenses

     Petitioner drove a Chevrolet Silverado throughout central Arkansas completing projects for Stallmann.  Petitioner did not keep a mileage log but recorded his mileage from his odometer after each trip.

     B.   Contract Labor

     Petitioner regularly hired and supervised laborers to help with Stallmann projects.  Stallmann usually paid the laborers directly, but petitioner would occasionally pay the laborers' wages and motel expenses himself on Stallmann's behalf.

     C.   Legal and Professional Expenses

     Petitioner retained the tax preparation firm J.K. Harris to file his tax returns for the years at issue.  Petitioner provided J.K. Harris with his tax records and financial information for both 2003 and 2004.  J.K. Harris failed to file returns on petitioner's behalf and failed to return the majority of petitioner's records to petitioner.[3]

     D.   Supplies

     Between January 1, 2004, and November 11, 2007, petitioner purchased $41,177 of equipment and supplies from Stallmann for use on Stallmann projects.

---

[3]Records made unavailable to petitioner because of the alleged actions of J.K. Harris include motel receipts, mileage notes, and, paradoxically, J.K. Harris receipts.

### E. Office Expenses

Petitioner deducted office expenses of $1,416 for 2004. The expenses related to petitioner's use of a cellular telephone.

### F. Travel Expenses

Petitioner traveled extensively on behalf of Stallmann during the years at issue and would stay in a motel when a project required that he work too far from home to commute.

## II. Gambling Losses

Petitioner frequently played Keno at Sam's Town Casino (Sam's Town) in Tunica, Arkansas. In 2003 and 2004 petitioner had gambling income of $17,100 and $17,750, respectively. Letters from Sam's Town indicate that petitioner incurred a net loss from gambling of $14,537 for 2003 and a net gain from gambling of $2,137 for 2004.

### Discussion

## I. Business Expense Deductions

Deductions are a matter of legislative grace, and the taxpayer must prove he or she is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The burden of proof may shift to the Commissioner under section 7491(a) with respect to a factual issue relevant to the liability of the taxpayer for tax if the taxpayer introduces credible evidence regarding the issue and establishes compliance with the requirements of section

7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests.  As discussed below, we find that petitioner has failed to substantiate his claimed expenses and to maintain adequate records.  The burden of proof, therefore, does not shift to respondent under section 7491(a).

Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  The regulations specify that ordinary and necessary business expenses include "the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business", sec. 1.162-1(a), Income Tax Regs., such as "a reasonable allowance for salaries or other compensation for personal services actually rendered", sec. 1.162-7(a), Income Tax Regs.  Taxpayers are required to maintain records sufficient to establish the amount of allowable deductions and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled,

the Court may estimate the amount of the deductible expense and allow the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  In these instances, the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, supra at 742-743.  Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

A.   Car and Truck Expenses

Pursuant to section 274(d), automobile expenses otherwise deductible as a business expense will be disallowed in full unless the taxpayer satisfies strict substantiation requirements. The taxpayer must substantiate the automobile expenses by adequate records or other corroborating evidence of items such as the amount of the expense, the time and place of the automobile's use, and the business purpose of its use.  See Sanford v.

Commissioner, supra at 827-828; Maher v. Commissioner, T.C. Memo. 2003-85.

The only evidence of automobile expenses petitioner produced at trial was the testimony of Mr. Harrod that petitioner drove roughly 35,000 miles for business in each of the years at issue. Mr. Harrod based this mileage on the reasonable mileage driven by other siding contractors in central Arkansas.[4] Petitioner failed to produce any documentary evidence to support Mr. Harrod's testimony. Accordingly, petitioner did not meet the adequate records or other corroborating evidence requirement of section 274(d).

Section 274(d)(4) overrides the Cohan rule with respect to section 280F(d)(4) "listed property" and thus specifically precludes the Court from allowing automobile expenses on the basis of any approximation or the taxpayer's uncorroborated testimony. For this reason we are unable to estimate petitioner's car and truck expenses for the years at issue.

B.   Contract Labor

Mr. Harrod testified at trial that he estimated petitioner's contract labor expenses for the years at issue using comparable expenses listed in petitioner's 2005 checkbook. Mr. Harrod's testimony, based on a rough estimation, is insufficient to

---

[4]The 35,000 figure for 2003 and 2004 does not take into account the fact that petitioner's income was 28 percent lower in 2004 than 2003, possibly indicating that petitioner drove fewer miles for work in 2004.

substantiate petitioner's contract labor expenses for the years at issue. See Shea v. Commissioner, supra at 189.

Petitioner leaves us no basis upon which to estimate his contract labor expenses. Petitioner did not produce his 2005 checkbook at trial, nor did he produce any other documentary evidence of those expenses. Although it is reasonable to conclude that a siding contractor in petitioner's position would incur contract labor expenses, the record is devoid of any evidence that would allow us to estimate such expenses. See Vanicek v. Commissioner, supra at 742-743.

C.  Legal and Professional Expenses

Petitioner and Mr. Harris testified that petitioner paid J.K. Harris $3,375 in both 2003 and 2004 to file petitioner's tax returns. We find their testimony to be credible. Therefore, we hold that petitioner is entitled to a deduction for legal and professional expenses of $3,375 for each of the years at issue for fees paid for tax return preparation.

D.  Supplies

Petitioner failed to produce any personal records, such as checkbooks or receipts, to substantiate his deductions for supplies. However, petitioner produced a notarized letter from Stallmann (Stallmann letter) indicating that between January 1, 2004, and November 11, 2007, petitioner purchased from Stallman

pieces of equipment worth $41,177. All of the items listed in the Stallmann letter have a clear business purpose.[5]

The Stallmann letter provides us a basis upon which to estimate petitioner's supply costs for the years at issue. See Cohan v. Commissioner, 39 F.2d at 544. The letter identifies each piece of equipment and its cost, but fails to specify each item's exact date of purchase. Accordingly, we will allow petitioner to deduct supply costs of $10,632 for 2003 and 2004.[6]

E.   Office Expenses

Expenses of a cellular telephone must be substantiated pursuant to section 274(d). The Court cannot estimate those expenses. Secs. 274(d)(4), 280F(d)(4)(v); sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

The record is devoid of any documentary evidence regarding petitioner's 2004 office expenses. At trial petitioner was unable to remember the items to which his office expenses

---

[5]The items consist of walk boards, double steppers, extension ladders, ladder jacks, drills, trailers, bend breaks, chaulk and staple guns, air compressors, saws, and other pieces of equipment that would be of use to a siding contractor.

[6]These figures are derived from prorating $41,177 over 46.5 months to obtain supply costs per month of $886. The costs per month are then multiplied by 12 to obtain supply costs of $10,632 per year.

Petitioner credibly testified that he spent roughly the same amount on supplies for both years at issue despite earning roughly 28 percent less in 2004 than in 2003. Therefore, we will not adjust the supply cost figures to take into account the discrepancy in petitioner's gross income.

pertained. Mr. Harrod testified that the expenses related to petitioner's use of a cellular telephone in 2004 and that he had estimated the amount of those expenses using the cellular telephone costs listed in petitioner's 2005 checkbook. Because petitioner failed to produce any records pertaining to his use of a cellular telephone in 2004, we will deny his deduction for office expenses.

F.   Travel Expenses

Expenses related to meals and lodging must be substantiated pursuant to section 274(d). The Court cannot estimate those expenses. Sec. 274(d)(1); sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

The record is devoid of any documentary evidence regarding petitioner's meal and lodging expenses for the years at issue. Accordingly, we will deny petitioner's deductions for those expenses.

II. Gambling Losses

Gross income includes all income from whatever source derived, including gambling. See sec. 61; McClanahan v. United States, 292 F.2d 630, 631-632 (5th Cir. 1961). In the case of a taxpayer not engaged in the trade or business of gambling, gambling losses are allowable as an itemized deduction, but only to the extent of gains from such transactions. Sec. 165(d); McClanahan v. United States, supra at 632 n.1 (citing Winkler v.

_United States_, 230 F.2d 766 (1st Cir. 1956)).  In order to establish entitlement to a deduction for gambling losses the taxpayer must prove the losses sustained during the taxable year. _Mack v. Commissioner_, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; _Stein v. Commissioner_, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19.

Petitioner did not maintain a diary or any other contemporaneous record reflecting either his winnings or his losses from gambling during 2004.  However, petitioner produced a letter from Sam's Town indicating that he had net gambling winnings of $2,137 in 2004.  As Sam's Town was the only source of petitioner's gambling income and losses in 2004, we hold that petitioner proved he sustained gambling losses of $15,613 for 2004.[7]

III. Additions to Tax

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for failure to file income tax returns for 2003 and 2004 and under section 6654(a) for failure to make estimated tax payments for 2003 and 2004. Respondent bears the burden of production with respect to petitioner's liability for the additions to tax.  See sec.

---

[7]The parties stipulated that petitioner had gambling income of $17,750 for 2004.  The gambling losses of $15,613 are derived from deducting petitioner's net gambling winnings of $2,137 from his gross winnings of $17,750.

7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production with respect to section 6651, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the additions to tax. See Higbee v. Commissioner, supra at 446.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. Petitioner admitted that he did not file Federal income tax returns for 2003 or 2004. Respondent has met his burden of production.

Petitioner argues that his failure to file his returns was due to reasonable cause because he retained J.K. Harris to file his returns and J.K. Harris failed to do so. We disagree. The failure to timely file a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not "reasonable cause" for a late filing under section 6651(a)(1). United States v. Boyle, 469 U.S. 241, 252 (1985). We find that petitioner's failure to file Federal income tax returns for 2003 and 2004 was not due to reasonable cause and was due to willful neglect. Therefore, we hold that petitioner is liable for the section 6651(a)(1) additions to tax for 2003 and 2004.

A taxpayer has an obligation to pay estimated tax for a

particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A required annual payment is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Heers v. Commissioner, T.C. Memo. 2007-10.

Respondent's burden of production under section 7491(c) with respect to the section 6654(a) addition to tax has been satisfied by proof at trial that petitioner has a Federal income tax liability for 2003 and 2004 and that petitioner made no estimated payments for either year. The parties also stipulated that petitioner filed a Federal income tax return for 2002 showing a tax of $11,478. Petitioner offered no evidence whatsoever to refute respondent's evidence or to establish that one of the statutorily provided exceptions applies. See Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). Consequently, we hold that respondent's determination that petitioner is liable for the section 6654 additions to tax must be sustained. However, to the extent respondent failed to take into account a required annual payment of $11,478 for 2003 under section 6654(d)(1)(B)(ii) in

his calculation of petitioner's addition to tax, we now direct respondent to do so.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.