T.C. Memo. 2011-250

UNITED STATES TAX COURT

DENISE KILKER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6699-07.                    Filed October 27, 2011.

Denise Kilker, pro se.

Annie Lee, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a deficiency of

$59,412 in petitioner's Federal income tax and additions to tax

pursuant to sections 6651(a)(1)[1] and (2) and 6654(a) of $13,368,

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code (Code), as amended and in effect for
the taxable year at issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  Amounts are rounded to
                                        (continued...)

$5,644, and $1,725, respectively, for 2004. The issues for decision after concessions[2] are: (1) Whether petitioner received taxable capital gain income of $90,290;[3] (2) whether petitioner received taxable compensation for services income of $100,000; and (3) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and (2) and 6654(a).

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. At the time petitioner filed her petition, she lived in California.

Petitioner is the owner and operator of Kilker Enterprises, a printing shop doing business as Allegra Print and Imaging (Allegra). Petitioner was Allegra's chief operating officer during 2003 and 2004. In 2003, in exchange for providing Zap

---

[1](...continued)
the nearest dollar.

[2]In a stipulation of settled issues petitioner concedes that: (1) She received $750 of gross income in 2004 from Household Finance Corp., (2) she received $1 in taxable interest income in 2004 from Bank of the West, (3) she did not timely file a Form 1040, U.S. Individual Income Tax Return, for taxable year 2004, (4) she did not pay any income tax for 2004, and (5) she did not make any estimated tax payments for income tax due for 2004.

[3]According to the notice of deficiency, petitioner had $90,290 of capital gain income in 2004. However, according to Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, petitioner earned $90,292 of capital gain income in 2004.

Corp. (Zap) with printing services, petitioner received 73,529 shares of Zap stock. The stock was restricted stock pursuant to Securities and Exchange Commission rule 144 under the Securities Act of 1933, meaning petitioner could not sell or transfer the stock for at least 1 year. In 2004, at the end of the 1-year holding period, petitioner transferred the 73,529 shares of stock to her Edward Jones personal brokerage account. Shortly thereafter petitioner sold 30,000 shares for a total of $90,290.

On September 20, 2004, petitioner entered into an agreement with Zap to provide ZAP with printing services for 12 months. In exchange ZAP agreed to pay petitioner $100,000 in Zap common stock (53,763 shares valued at $1.86 per share as of the closing date of the agreement). Petitioner received the stock in 2004. She directed ZAP to issue her three stock certificates, each for 17,921 shares. She requested that the stock certificates be issued in the names of: Denise Kilker, Custodian, for M.K.; Denise Kilker, Custodian, for R.G.; and James Kilker. ZAP issued petitioner a Form 1099-MISC, Miscellaneous Income, for 2004, stating petitioner had received $100,000 in nonemployee compensation.

Petitioner did not file a Form 1040, nor did she make any estimated tax or other payments on her tax due, for 2004. Respondent filed a Federal income tax return for 2004 on behalf of petitioner pursuant to section 6020(b). On December 18, 2006,

respondent mailed petitioner a notice of deficiency for 2004.
Petitioner timely mailed her petition to the Court on March 20,
2007.

OPINION

I.  Burden of Proof

As a general rule, the Commissioner's determinations as set
forth in a notice of deficiency are presumed correct, and the
taxpayer bears the burden of proving that those determinations
are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111
(1933).  However, under certain circumstances the burden of proof
may shift to the Commissioner if the taxpayer introduces credible
evidence with respect to any factual issue relevant to
ascertaining the income tax liability of the taxpayer.  Sec.
7491(a)(1).

Section 7491(a)(1) applies only if the taxpayer complies
with the relevant substantiation requirements in the Code,
maintains all required records, and cooperates with the
Commissioner with respect to witnesses, information, documents,
meetings, and interviews.  Sec. 7491(a)(2)(A) and (B).  The
taxpayer bears the burden of proving compliance with the
conditions of section 7491(a)(2)(A) and (B).  See, e.g.,
Ruckriegel v. Commissioner, T.C. Memo. 2006-78.  Petitioner
neither proposes facts to support her compliance with the
conditions of section 7491(a)(2)(A) and (B) nor argues that

respondent bears the burden of proof on any issue because of section 7491(a)(1). Accordingly, the burden remains on petitioner to prove that respondent's determination of a deficiency in her income tax is erroneous.

However, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, has determined that in order for the presumption of correctness to attach to a deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer to the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or demonstrate the taxpayer received unreported income, Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982). Once there is evidence of actual receipt of income by the taxpayer, the taxpayer has the burden of proving that all or part of the income is not taxable. Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986). A deficiency determination that is not supported by some evidentiary foundation is arbitrary and erroneous. Weimerskirch v. Commissioner, supra at 362. In these circumstances, the Commissioner has the burden of coming forward with evidence establishing the existence and amount of a deficiency. Jackson v. Commissioner, 73 T.C. 394, 401 (1979).

To satisfy his initial burden of production with respect to petitioner's compensation for services of $100,000, respondent provided the Court with: (1) A contract signed by petitioner to perform services in exchange for compensation, (2) a Form 1099-MISC[4] prepared by Zap reporting nonemployee compensation paid to petitioner, (3) Zap's transfer agent transaction register confirming the Zap stock was transferred to petitioner, and (4) the testimony of Renay Cude, Zap's corporate secretary, who confirmed that the Zap stock was issued directly to petitioner.

To satisfy his initial burden of production with respect to petitioner's capital gain income of $90,290, respondent provided the Court with a Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, and trade confirmations from Edward Jones confirming the information reported on the Form 1099-B.

Respondent having met his initial burden of production, the burden shifts to petitioner to prove the deficiency determination incorrect. See Rule 142(a); Welch v. Helvering, supra.

---

[4]If an information return, such as a Form 1099-MISC, serves as the basis for the determination of a deficiency, sec. 6201(d) may apply to shift the burden of production to the Commissioner. Sec. 6201(d) provides that in any court proceeding, if a taxpayer asserts a reasonable dispute with respect to the income reported on an information return and the taxpayer has fully cooperated with the Commissioner, then the Commissioner has the burden of producing reasonable and probative information in addition to the information return. See McQuatters v. Commissioner, T.C. Memo. 1998-88. Petitioner has not disputed the accuracy of the information returns and has not fully cooperated with respondent. Therefore, the Court concludes respondent does not have the burden of production under sec. 6201(d).

## II.  Capital Gain Income

Section 61(a) defines gross income as all income from whatever source derived.  Section 61(a)(3) specifically includes in income gains derived from dealings in property. Respondent argues that petitioner received $90,290 from the sale of 30,000 shares of Zap stock in 2004.  Petitioner has failed to present any evidence to dispute she received this amount or any evidence of her basis in the shares of stock.  Accordingly, we sustain respondent's determination with respect to the capital gain income.[5]

## III.  Compensation for Services Income

Section 61(a) defines gross income as all income from whatever source derived.  Section 61(a)(1) specifically includes in income compensation for services.  Respondent argues that petitioner received $100,000 of Zap stock in exchange for providing Zap with 12 months of printing services.  Petitioner claims that she was the owner and sole officer of Allegra at the time she signed the agreement to perform printing services and was therefore acting on Allegra's behalf.  As a result, she claims the $100,000 of Zap stock was compensation to Allegra. Petitioner further claims she used the proceeds from the sale of the Zap stock to pay Allegra's expenses, thus arguing that the

---

[5]Respondent concedes that petitioner held the stock for more than 1 year.  Therefore the capital gain income is treated as long-term capital gain.

income is Allegra's. We do not agree. Petitioner has failed to provide any evidence to support her arguments. She did not provide corporate tax returns in which Allegra reported the stock as income, she did not attempt to have Zap reissue the stock certificates in Allegra's name, and she did not provide support for her contention that she used proceeds from the sale of the stock to pay Allegra's expenses. Accordingly, we sustain respondent's determination with respect to the compensation for services income.

IV. Section 6651(a)(1) and (2)

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file her income tax return for 2004. In general, the Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production with respect to section 6651, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax. Higbee v. Commissioner, supra at 446. The parties stipulated that petitioner's 2004 Federal income tax return was never filed.[6]

_____

[6]Respondent filed a Federal income tax return for 2004 on behalf of petitioner pursuant to sec. 6020(b). However, a substitute for return under sec. 6020(b) is disregarded for purposes of determining the amount of the addition to tax under
(continued...)

Petitioner's return was due on April 15, 2005. Thus, respondent has carried the burden of production with respect to the addition to tax under section 6651(a)(1).

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless petitioner can establish that the failure was due to reasonable cause and not due to willful neglect. A showing of reasonable cause requires petitioner to demonstrate she exercised ordinary business care and prudence and nevertheless was unable to file the return by the due date. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. In order to avoid an addition to tax under section 6651(a), petitioner must carry the burden of establishing reasonable cause. See Higbee v. Commissioner, supra at 446.

At the time of trial, petitioner had not filed her 2004 Federal income tax return. Therefore she cannot argue reasonable cause, nor has she argued reasonable cause. Accordingly, we conclude that petitioner is liable for an addition to tax under section 6651(a)(1) in the amount respondent determined.

Respondent also determined that petitioner is liable for the addition to tax imposed by section 6651(a)(2) for failure to pay

---

[6](...continued)
sec. 6651(a)(1). Sec. 6651(g)(1). That said, a substitute for return is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2). Sec. 6651(g)(2).

the amounts of tax shown on her 2004 Federal income tax return. Respondent did not introduce the 2004 substitute for return filed on behalf of petitioner pursuant to section 6020(b), nor did respondent introduce a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 2004. See Cabirac v. Commissioner, 120 T.C. 163, 172-173 (2003). Thus, respondent has not produced sufficient evidence that petitioner is liable for the section 6651(a)(2) addition to tax for 2004.

V.   Section 6654(a)

Respondent determined that petitioner is liable for an addition to tax under section 6654(a) for failure to pay estimated income tax for 2004. Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual". A taxpayer has an obligation to pay estimated tax for a particular year only if she has a "required annual payment" for that year. Sec. 6654(d). A required annual payment generally is equal to the lesser of:  (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for the year); or (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, 127 T.C. 200, 210-211 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Heers v. Commissioner, T.C. Memo. 2007-10. If the taxpayer did not file a return for the preceding year, then

clause (ii) does not apply.  Sec. 6654(d)(1)(B).  Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had a required annual payment for 2004.

Respondent has satisfied his burden of production by introducing evidence that (1) 90 percent of petitioner's $59,412 income tax liability for 2004 is $53,471, (2) that petitioner filed a Federal income tax return for 2003 showing a Federal income tax liability of $4,525, and (3) that petitioner made no estimated tax payments for 2004.[7]  See Higbee v. Commissioner, supra at 446.  Petitioner neither argued nor established any of the defenses enumerated in section 6654(e).  Consequently, petitioner has not met her burden of persuasion, and respondent's determinations are sustained.  See United States v. Rylander, 460 U.S. 752, 758 (1983).

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.

_____

[7]Petitioner concedes that she did not make estimated tax payments in 2004.